1  STUART J. WEST, STATE BAR NO. 202041
   WEST & ASSOCIATES, A PC
2  2815 Mitchell Drive, Suite 209
   Walnut Creek, CA 94598
3  Tel. No. 925.465.4603

4  Attorney for Plaintiff

5

6                                           ADR

7

8              UNITED STATES DISTRICT COURT

9            NOTHERN DISTRICT OF CALIFORNIA

10

11  BONNIE STERNGOLD,              )  Case No.:  C07-02450
                                   )
12          Plaintiff,             )  COMPLAINT FOR TRADEMARK
                                   )  INFRINGEMENT UNDER 15 U.S.C. §
13      vs.                        )  1051 et seq.
                                   )
14  ANTHONY ROBERTS, DOES 1-10,    )
                                   )               BY FAX
15          Defendant              )

16

17  Plaintiff Bonnie Sterngold (hereinafter, "Plaintiff"), by and

18  through its undersigned counsel, for its Complaint against

19  Defendant Anthony Roberts and Does 1-10 (hereinafter,

20  collectively, "Defendants") states the following. Allegations

21  made on belief are premised on the belief that the same are

22  likely to have evidentiary support after a reasonable

23  opportunity for further investigation and discovery.

24

25                      **THE PARTIES**

26

27  1.   Plaintiff Bonnie Sterngold is an individual having a

28  mailing address at 15 Peak Lane, Portola Valley, CA 94028.


            COMPLAINT FOR TRADEMARK INFRINGEMENT - 1



2.    Upon information and belief, Defendant Anthony Roberts is an individual having a mailing address at 820 S Washington St., Diamond, MO 64840.

## NATURE OF ACTION

3.    This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.), trademark dilution under Section 14430 of the Business and Professions Code of the State of California, and unfair competition under the common law and Section 17200 of the Business and Professions Code of the State of California, based on the Defendant's adoption and use of "Stirling" as a brand name for sharpeners in violation of Plaintiff's established rights in "Sterling" as a registered trademark for sharpeners.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b) (pendent unfair competition claims).  Venue is proper in this District pursuant to 28 U.S.C. 1391(b).

## COUNT ONE

### INFRINGEMENT OF FEDERAL TRADEMARK REGISTRATION NO. 2311151

COMPLAINT FOR TRADEMARK INFRINGEMENT - 2

5.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 5 of this Complaint as if fully set forth herein.

6.    Plaintiff is the owner of United States Trademark Registration No. 2311151, registered January 25, 2000, for "Sterling" (for hand tools, namely knife sharpeners in Class 008) a certified copy of which is attached hereto as Exhibit A. This registration is now valid, subsisting, uncancelled and unrevoked.

7.    Continuously since on or about August 12, 1992, Plaintiff has used its "Sterling" mark in connection with and to identify its sharpeners and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on sharpeners and advertising and promotional materials distributed throughout the United States. Plaintiff's products sold under the "Sterling" mark and brand name are provided nationwide including in the State of California.

8.    In addition, as of the date of the filing of this complaint, Plaintiff is actively engaged in expanding its use of the "Sterling" in connection with sharpeners in interstate commerce throughout the United States including in the State of California.

COMPLAINT FOR TRADEMARK INFRINGEMENT - 3

9. Defendants have infringed Plaintiff's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising sharpeners under the name "Stirling" of a type virtually identical to the type of sharpeners offered by Plaintiff, prominently displaying, advertising, and promoting sharpeners under the name "Stirling."

10. Defendant's use of "Stirling" in connection with sharpeners is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

11. Defendant's use of "Stirling" in connection with sharpening products has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark "Sterling" and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

12. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered "Sterling" trademark. Plaintiff has no adequate remedy at law.

**COUNT TWO**

**FALSE DESIGNATION OF ORIGIN**

**UNDER 15 U.S.C. § 1125(A)**

COMPLAINT FOR TRADEMARK INFRINGEMENT - 4

13. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-12 of this Complaint as if fully set forth herein.

14. Upon information and belief, Defendant has used the designation "Stirling" in connection with sharpening products in interstate commerce. Said use of the designation "Stirling" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

15. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its "Sterling" mark. Plaintiff has no adequate remedy at law.

### COUNT THREE
### COMMON LAW UNFAIR COMPETITION AND
### TRADEMARK INFRINGEMENT

16. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

COMPLAINT FOR TRADEMARK INFRINGEMENT - 5

17. Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name "Sterling" within the State of California and in violation of California law.

18. Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its "Sterling" mark. Plaintiff has no adequate remedy at law.

**COUNT FOUR**

**TRADEMARK DILUTION UNDER CALIFORNIA LAW**

19. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-18 of this Complaint as if fully stated herein.

20. Plaintiff's "Sterling" trademark constitutes a famous mark in the State of California pursuant to Section 14430 of the Business and Professions Code of the State of California which mark became famous prior to the commencement of Defendant's activities as alleged herein.

21. Upon information and belief, Defendant's activities as alleged herein dilute the distinctive quality of Plaintiff's "Sterling" mark in violation of Section 14430 of the Business and Professions Code of the State of California.

COMPLAINT FOR TRADEMARK INFRINGEMENT - 6

22. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its "Sterling" mark. Plaintiff has no adequate remedy at law.

## COUNT FIVE

### VIOLATIONS OF THE CALIFORNIA UNFAIR PRACTICES ACT

23. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of Section 17200 of the Business and Professions Code of the State of California.

25. Upon information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its "Sterling" mark. Plaintiff has no adequate remedy at law.

**WHEREFORE, Plaintiff prays:**

1.    That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors and assigns and all others in concert and privity

1  with them from using the name "Stirling" in connection with the
2  offering of sharpeners, from infringement of U.S. Trademark
3  Registration No. 2311151, from unfairly competing with
4  Plaintiff, from engaging in unfair and deceptive trade practices
5  and from injuring Plaintiff's business reputation and diluting
6  its trademark rights, pursuant to Section 34 of the Lanham Act
7  (15 U.S.C. § 1116), Section 14340 of the California Business and
8  Professions Code, and the equitable power of this Court to
9  enforce the common law of the State of California.
10
11  2.    That Defendant be required to account to Plaintiff for
12  Defendant's profits and the actual damages suffered by Plaintiff
13  as a result of Defendant's acts or infringement, false
14  designation of origin, unfair competition, and unfair and
15  deceptive trade practices, together with interest, and that
16  Plaintiff's recovery be trebled, pursuant to Section 35 of the
17  Lanham Act (15 U.S.C. § 1117), Section 14340 of the California
18  Business and Professions Code, and common law of the State of
19  California.
20
21  3.    That Defendant be ordered to surrender for destruction all
22  nameplates, labels, advertisements, and other materials
23  incorporating or reproducing the infringing "Stirling" mark,
24  pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118),
25  Section 14340 of the California Business and Professions Code,
26  and the equitable power of this Court to enforce the common law
27  of the State of California.
28

COMPLAINT FOR TRADEMARK INFRINGEMENT - 8

4.    That Defendant be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and the common law of the State of California.

5.    That Defendant be compelled to pay Plaintiff punitive damages pursuant to Section 3294(a) of the California Civil Code.

6.    For such other and further relief as may be just and equitable.

Respectfully Submitted,

Dated this 4th day of May, 2007

STUART J. WEST, STATE BAR NO. 202041
WEST & ASSOCIATES, A PC
2815 Mitchell Drive, Suite 209
Walnut Creek, CA 94598
Tel. No. 925.465.4603

COMPLAINT FOR TRADEMARK INFRINGEMENT - 9

# EXHIBIT A

Int. Cl.: 8

Prior U.S. Cls.: 23, 28 and 44

## United States Patent and Trademark Office

Reg. No. 2,311,151

Registered Jan. 25, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## STERLING

STERNGOLD, BONNIE (UNITED STATES CIT-
IZEN), DBA STERLING SYSTEMS
15 PEAK LN
PORTOLA VALLEY, CA 34028

FOR: HAND TOOLS, NAMELY KNIFE
SHARPENERS, IN CLASS 8 (U.S. CLS. 23, 28
AND 44).

FIRST USE 8–12–1992; IN COMMERCE
8–12–1992.

SER. NO. 75–564,751, FILED 10–5–1998.

SHANETTA PASKEL, EXAMINING ATTOR-
NEY