1  James S. Greenan (SBN 53648)
   jgreenan@gpsllp.com
2  Nelson Hsieh (SBN 177128)
   nhsieh@gpsllp.com
3  Yen Chau (SBN 221087)
   ychau@gpsllp.com
4  GREENAN, PEFFER, SALLANDER & LALLY LLP
   Post Office Box 10
5  6111 Bollinger Canyon Road, Suite 500
   San Ramon, California 94583
6  Telephone: (925) 866-1000
   Facsimile: (925) 830-8787
7
   Attorneys for Defendant
8  ANTHONY ROBERTS

9                      UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 BONNIE STERNGOLD,                   )  Case No.: C07-02450 EMC
                                       )
13              Plaintiff,             )  **ANSWER OF DEFENDANT**
                                       )  **ANTHONY ROBERTS TO COMPLAINT**
14        vs.                          )
                                       )
15 ANTHONY ROBERTS, and DOES 1-10,,    )
                                       )
16              Defendants.            )
                                       )
17                                     )
                                       )
18                                     )
   _____)
19

20        Defendant Anthony Roberts ("Roberts") answers the Complaint ("Complaint") of

21 plaintiff Bonnie Sterngold as follows:

22                              **THE PARTIES**

23        1.      Plaintiff Bonnie Sterngold is an individual having a mailing address at 15 Peak

24 Lane, Portola Valley, California 94028.

25        **Answer:**

26        In response to paragraph 1 of the Complaint, defendant is without sufficient information

27 to admit or deny the allegations in paragraph 1, and therefore denies the same.

28        2.      Upon information and belief, defendant Anthony Roberts is an individual having

Greenan,
Peffer,
Sallander &
Lally LLP

a mailing address at 820 S. Washington Street, Diamond, Missouri 64840.

**Answer:**

In response to paragraph 2 of the Complaint, Roberts admits the allegations contained in paragraph 2 of the Complaint.

## NATURE OF ACTION

3.     This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.), trademark dilution under Section 14430 of the Business and Professions Code of the State of California, and unfair competition under the common law and Section 17200 of the Business and Professions Code of the State of California, based on the Defendant's adoption and use of "Stirling" as a brand name for sharpeners in violation of Plaintiff's established rights in "Sterling" as a registered trademark for sharpeners.

**Answer:**

In response to paragraph 3 of the Complaint, defendant admits that plaintiff filed a lawsuit pleading causes of action for trademark infringement under U.S.C. section 1051 *et seq.*, false designation of origin, common law unfair competition and trademark infringement and trademark dilution under California law.  Except as so admitted, defendant denies each and every allegation in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendent unfair competition claims).  Venue is proper in this District pursuant to 28 U.S.C. 1391(b).

**Answer:**

In response to paragraph 4 of the Complaint, defendant admits that this Court has subject matter jurisdiction over this action.  Defendant denies that this Court has personal jurisdiction over the defendant, and further denies that this venue is proper.

Greenan,
Peffer,
Sallander &
Lally LLP

**COUNT ONE**

**(Infringement of Federal Trademark Registration No. 2311151)**

5.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraph 1 through 5 of this Complaint as if fully set forth herein.

**Answer:**

In response to paragraph 5 of the Complaint, defendant repeats and incorporates herein his answers to paragraphs 1 through 4, inclusive, as if fully set forth herein.

6.    Plaintiff is the owner of United States Trademark Registration No. 2311151, registered January 25, 2000, for "Sterling" (for hand tools, namely knife sharpeners in Class 008) a certified copy of which is attached hereto as Exhibit A.  This registration is now valid, subsisting, uncancelled and unrevoked.

**Answer:**

In response to paragraph 6 of the Complaint, defendant is without sufficient information to admit or deny the allegations in paragraph 6, and therefore denies the same.

7.    Continuously since on or about August 12, 1992, plaintiff has used its "Sterling" mark in connection with and to identify its sharpeners and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on sharpeners and advertising and promotional materials distributed throughout the United States.  Plaintiff's products sold under the "Sterling" mark and brand name are provided nationwide including in the State of California.

**Answer:**

In response to paragraph 7 of the Complaint, defendant is without sufficient information to admit or deny the allegations in paragraph 7, and therefore denies the same.

8.    In addition, as of the date of the filing of this complaint, plaintiff is actively engaged in expanding its use of the "Sterling" in connection with sharpeners in interstate commerce throughout the United States including in the State of California.

**Answer:**

In response to paragraph 8 of the Complaint, defendant is without sufficient information

Greenan,
Peffer,
Sallander &
Lally LLP

to admit or deny the allegations in paragraph 8, and therefore denies the same.

9.    Defendants have infringed plaintiff's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising sharpeners under the name "Stirling" of a type virtually identical to the type of sharpeners offered by plaintiff, prominently displaying, advertising, and promoting sharpeners under the name "Stirling."

**Answer:**

In response to paragraph 9 of the Complaint, defendant admits selling sharpeners of a different design than plaintiff's sharpener, with defendant's sharpeners bearing the name "Stirling" from approximately 1997 to 2002. Defendant admits selling sharpeners of a different design than plaintiff's sharpener, with defendant's sharpeners bearing the name "Tony's Sharpeners" from 2002 to present with an instruction sheet that references the name "Stirling" in a non-trademark sense. The only marketing defendant has conducted for his sharpener since 2002 is by attending trade shows. Except as so admitted, defendant denies each and every allegation in paragraph 9 of the Complaint.

10.    Defendant's use of "Stirling" in connection with sharpeners is without permission or authority of the plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

**Answer:**

In response to paragraph 10 of the Complaint, defendant denies each and every allegation in paragraph 10 of the Complaint.

11.    Defendant's use of "Stirling" in connection with sharpening products has been made notwithstanding plaintiff's well-known and prior established rights in the trademark "Sterling" and with both actual and constructive notice of plaintiff's federal registration rights under 15 U.S.C. § 1072.

**Answer:**

In response to paragraph 11 of the Complaint, defendant denies each and every allegation in paragraph 11 of the Complaint.

Greenan,
Peffer,
Sallander &
Lally LLP

12.     Upon information and belief, defendant's infringing activities have cause and, unless enjoyed by this Court, will continue to cause, irreparable injury and other damage to plaintiff's business, reputation and good will in its federally registered "Sterling" trademark. Plaintiff has no adequate remedy at law.

**Answer:**

In response to paragraph 12 of the Complaint, defendant denies each and every allegation in paragraph 33 of the Complaint.

### COUNT TWO

### (False Designation of Origin Under 15 U.S.C. § 1125(A))

13.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1-12 of this Complaint as if fully set forth herein.

**Answer:**

In response to paragraph 13 of the Complaint, defendant repeats and incorporates herein his answers to paragraphs 1 through 12, inclusive, as if fully set forth herein.

14.     Upon information and belief, defendant has used the designation "Stirling" in connection with sharpening products in interstate commerce.  Said use of the designation "Stirling" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of defendant with plaintiff and as to the origin, sponsorship, or approval of defendant's products and commercial activities by plaintiff.

**Answer:**

In response to paragraph 14 of the Complaint, defendant denies each and every allegation in paragraph 14 of the Complaint.

15.     Upon information and belief, defendant's wrongful activities have caused, and unless enjoyed by this Court will continue to cause, irreparable injury and other damage to plaintiff's business, reputation and good will in its "Sterling" mark.  Plaintiff has no adequate remedy at law.

Greenan,
Peffer,
Sallander &
Lally LLP

5

ANSWER TO COMPLAINT; CASE NO. C07-02450 EMC

1     **Answer:**

2     In response to paragraph 15 of the Complaint, defendant denies each and every allegation

3 in paragraph 15 of the Complaint.

4                **COUNT THREE**

5    **(Common Law Unfair Competition and Trademark Infringement)**

6     16.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

7 through 15 of this Complaint as if fully set forth herein.

8     **Answer:**

9     In response to paragraph 16 of the Complaint, defendant repeats and incorporates herein

10 his answers to paragraphs 1 through 15, inclusive, as if fully set forth herein.

11     17.    Defendant's activities as stated herein constitute unfair competition and an

12 infringement of plaintiff's common law trademark rights in the name "Sterling" within the State

13 of California and in violation of California law.

14     **Answer:**

15     In response to paragraph 17 of the Complaint, defendant denies each and every allegation

16 in paragraph 17 of the Complaint.

17     18.    Upon information and belief, defendant's wrongful and infringing activities have

18 caused, and unless enjoined by this Court will continue to cause, irreparable injury and other

19 damage to plaintiff's business, reputation and good will in its "Sterling" mark.  Plaintiff has no

20 adequate remedy at law.

21     **Answer:**

22     In response to paragraph 18 of the Complaint, defendant denies each and every allegation

23 in paragraph 18 of the Complaint.

24                **COUNT FOUR**

25     **(Trademark Dilution Under California Law)**

26     19.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-

27 18 of this Complaint as if fully stated herein.

28

Greenan,
Peffer,
Sallander &
Lally LLP

1    **Answer:**

2    In response to paragraph 1 of the Complaint, defendant repeats and incorporates herein

3 his answers to paragraphs 1-18, inclusive, as if fully set forth herein.

4    20.    Plaintiff's "Sterling" trademark constitutes a famous mark in the State of

5 California pursuant to Section 14430 of the Business and Professions Code of the State of

6 California which mark because famous prior to the commencement of defendant's activities as

7 alleged herein.

8    **Answer:**

9    In response to paragraph 20 of the Complaint, defendant denies each and every allegation

10 in paragraph 20 of the Complaint.

11    21.    Upon information and belief, defendant's activities as alleged herein dilute the

12 distinctive quality of plaintiff's "Sterling" mark in violation of Section 14430 of the Business

13 and Professions Code of the State of California.

14    **Answer:**

15    In response to paragraph 21 of the Complaint, defendant denies and every allegation in

16 paragraph 21 of the Complaint.

17    22.    Upon information and belief, defendant's wrongful activities have caused, and

18 unless enjoined by this Court will continue to cause, irreparable injury and other damage to

19 plaintiff's business, reputation and good will in its "Sterling" mark.  Plaintiff has no adequate

20 remedy at law.

21    **Answer:**

22    In response to paragraph 22 of the Complaint, defendant denies each and every allegation

23 in paragraph 22 of the Complaint.

24    **COUNT FIVE**

25    **(Violations of the California Unfair Practices Act)**

26    23.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

27 through 22 of this Complaint as if fully set forth herein.

28

Greenan,
Peffer,
Sallander &
Lally LLP

ANSWER TO COMPLAINT; CASE NO. C07-02450 EMC

1    **Answer:**

2    In response to paragraph 23 of the Complaint, defendant repeats and incorporates herein

3    his answers to paragraphs 1-22, inclusive, as if fully set forth herein.

4    24.    Defendant's activities alleged herein constitute unfair deceptive acts and practices

5    in the conduct of its trade and business in violation of Section 17200 of the Business and

6    Professions Code of the State of California.

7    **Answer:**

8    In response to paragraph 24 of the Complaint, defendant denies each and every allegation

9    in paragraph 24 of the Complaint.

10    25.    Upon information and belief, defendant's wrongful and deceptive activities have

11    caused, and unless enjoined by this court will continue to cause, irreparable injury and other

12    damage to plaintiff's business, reputation and good will in its "Sterling" mark. Plaintiff has no

13    adequate remedy at law.

14    **Answer:**

15    In response to paragraph 25 of the Complaint, defendant denies each and every allegation

16    in paragraph 25 of the Complaint.

17    **AFFIRMATIVE DEFENSES**

18    **First Affirmative Defense**

19    **(Failure to State a Claim)**

20    26.    Defendant is informed and believes and on that basis alleges that the Complaint

21    and each purported claim in the Complaint, fails to state facts sufficient to constitute a claim

22    against defendant. The Complaint, in whole or in part, should be dismissed pursuant to Federal

23    Rules of Civil Procedure 12(b)(6).

24    **Second Affirmative Defense**

25    **(Statute of Limitations)**

26    27.    Defendant is informed and believes and on that basis alleges that the Complaint,

27    and each purported claim in the Complaint, is barred by the applicable statute of limitations.

28

Greenan,
Peffer,
Sallander &
Lally LLP

ANSWER TO COMPLAINT; CASE NO. C07-02450 EMC

**Third Affirmative Defense**

**(Laches)**

28.     Defendant is informed and believes and on that basis alleges that the Complaint and each purported claim in the Complaint, is barred by the doctrine of laches.

**Fourth Affirmative Defense**

**(Acquiescence)**

29.     Defendant is informed and believes and on that basis alleges that the Complaint and each purported claim in the Complaint, is barred by the doctrine of acquiescence.

**Fifth Affirmative Defense**

**(Estoppel)**

30.     Defendant is informed and believes and on that basis alleges that the Complaint, and each purported claim in the Complaint, is barred by the doctrine of estoppel.

**Sixth Affirmative Defense**

**(Waiver)**

31.     Defendant is informed and believes and on that basis alleges that the Complaint, and each purported claim in the Complaint, is barred by the doctrine of waiver.

**Seventh Affirmative Defense**

**(Fair Use)**

32.     Defendant is informed and believes and on that basis alleges that the Complaint, and each purported claim in the Complaint, is barred because defendant's use of "Stirling" is a fair use.

**Eighth Affirmative Defense**

**(First Amendment)**

33.     Defendant is informed and believes and on that basis alleges that the Complaint, and each purported claim in the Complaint, is barred because defendant's use of "Stirling" is protected by the First Amendment of the United States Constitution.

Greenan,
Peffer,
Sallander &
Lally LLP

## **Ninth Affirmative Defense**

### **(Failure to Mitigate)**

34.    Defendant is informed and believes and on that basis alleges that to the extent plaintiff failed to mitigate the damages it allegedly sustained, any recovery against defendant must be reduced accordingly.

## **Tenth Affirmative Defense**

### **(Personal Jurisdiction)**

35.    Defendant is informed and believes and on that basis alleges that the Complaint, and each purported claim in the Complaint, is barred because this Court lacks personal jurisdiction over defendant.

36.    Defendant reserves the right to assert additional defenses or affirmative defenses that may arise as discovery progresses or that he otherwise becomes aware of during the course of this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant Anthony Roberts prays for judgment against plaintiff Bonnie Sterngold as follows:

1.    That plaintiff takes nothing by her Complaint;

2.    For such other and further relief as the Court deems just and proper.

Dated: November 1, 2007

GREENAN, PEFFER, SALLANDER & LALLY LLP

By:    _____/S/_____

James S. Greenan
Attorneys for Defendant
ANTHONY ROBERTS

Greenan,
Peffer,
Sallander &
Lally LLP

ANSWER TO COMPLAINT; CASE NO. C07-02450 EMC